## THE YELLOW CAB CO. v. KACKLOUDIS.

(Decided September 24, 1928.)

*Messrs. Rocker & Schwartz,* for plaintiff in error.
*Messrs. Payer, Minshall, Karch & Kerr,* for defendant in error.

VICKERY, J.  This cause comes into this court on a petition in error to the common pleas court of Cuyahoga county.

In the court below the defendant in error, John

Kackloudis, was plaintiff, and brought his action against the Yellow Cab Company to recover damages for a willful and wanton assault upon him by one of its drivers; the plaintiff below being a passenger. The trial below resulted in a verdict for the plaintiff in the sum of $3,500. A motion was made for a new trial, which was overruled, and an exception taken, and a petition in error and a bill of exceptions containing all the evidence were filed in this court.

Several errors are urged as reasons why this case should be reversed. Only two have been orally argued in court. The first one, and the one on which much stress has been laid, is the admission of evidence over the objection of the plaintiff in error, who was defendant below.

From the record we learn that, somewhere on Bolivar road in the city of Cleveland, the plaintiff, with two companions hired a taxicab which belonged to the defendant company, and drove to East Fortieth street and Payne avenue, a distance perhaps of not over a mile, and upon alighting from the cab were presented with a demand for $2.05 for fare. Denying that this was a just or right fare, they refused to pay it, whereupon, it is alleged, the driver, who, I believe, in his earlier days was a prizefighter, knocked the plaintiff down and broke his jaw, and otherwise severely beat him; and, apparently, a general mix-up took place at East Fortieth street and Payne avenue. The plaintiff and the driver were taken to the police station, and there, when inquired of by the lieutenant in charge, it is alleged that the employee of the plaintiff in error made statements to the effect that he took these men

out to the point designated, that they refused to pay their fare, amounting to $2.05, which they thought was excessive, and that he hit the plaintiff. It seems that the purpose of taking the plaintiff to the police station with the driver of the taxicab was to get the fare, and the lieutenant asked the plaintiff why he did not pay the fare, and then and there directed him to pay it to the driver, and plaintiff said he would only do it in case the driver would give him a receipt, which the driver did.

Now this may or may not be important. It does, however, bear upon the relation that the driver held toward plaintiff in error, the Yellow Cab Company, at the time this conversation took place. It is not seriously urged that these statements were within the rule of *res gestae,* as they were uttered an hour or more after the occurrence; but it is claimed that the statements were admissible, as the driver, the agent of the plaintiff in error, the Yellow Cab Company, was acting within the scope of his employment at the time these statements were made, and it shows that the plaintiff below did then and there pay the fare, and that the driver received it. This would show that he was acting at the time he made these statements within his employment, and so it might be that the declaration or statement was made by an agent, acting within the scope of his employment, and might, under certain circumstances, and the circumstances in this case, be binding or admissible against the principal; but we think the matter ceases to become important from the fact that the driver got upon the witness stand and substantially told the same thing in open court, and the jury had this testimony before it, and even

though it were erroneous to admit the above state-
ment, made in the absence of the plaintiff in error,
the Yellow Cab Company, it not being within the
rule of "*res gestae*," we think it was a matter of no
importance, inasmuch as the driver subsequently
testified to practically the same thing, and the other
testimony bears out this testimony.    And even
though this were erroneous, which we do not con-
cede under the circumstances, it was a matter which
would not justify a reversal of the case.   So we do
not think that this ground of error is well taken.

The second ground of error is still less important
in our judgment.   It seems that during the argu-
ment, counsel, a young man, who was perhaps trying
his first case, did not keep strictly within the rule
of argument, and mentioned that an insurance com-
pany was in back of this.   This was denied, and,
as a matter of fact, there was no insurance com-
pany in back of it.   When Judge Hay, the presid-
ing judge, remonstrated with the young man, and
directed the jury not to pay any attention to the
statements of counsel, explaining that they were im-
proper, the young man apologized, and his remarks
were withdrawn from the consideration of the jury.
Whether this was error or not, whether any court
would call this misconduct justifying a reversal of
the case, is rather doubtful; but, inasmuch as the
court did all he could, we think he cured whatever
error was in it, and in this respect we cite the case
of *Hayes* v. *State of Ohio,* which went up to the
Supreme Court from this county, where the judg-
ment of the court below was affirmed by a memo-
randum decision reported in 83 Ohio St., at page
490, 94 N. E., 1107, in which case the writer of this

opinion presided as common pleas judge, and where much grosser actions were insisted upon by the attorneys for the state, and they were remonstrated with, and where the court took all the precaution he could, and instructed the jury that they should not regard those statements, that they were improper, and the Supreme Court held in that case that there was not sufficient error to reverse the case; in other words, that the court had cured whatever error there was by instructing the jury and by remonstrating with counsel. This case has gone almost as far as any case of which I know.

So, on the whole, we do not think there is sufficient error to warrant a reversal of the case at bar.

It is not seriously claimed that the verdict is against the weight of the evidence. The case was fairly submitted to the jury, and the jury found unanimously for the plaintiff, and we cannot see sufficient error in the record to warrant a reversal. Apparently the injuries were severe enough to sustain a verdict, even for $3,500, and it should be impressed upon drivers of taxicabs, even though they be ex-prize fighters, that they cannot use their prowess on a passenger who does not pay his fare. There is a remedy, and that remedy is to call the police and have the man arrested. We think, on the whole, that the judgment of the court below must be affirmed.

*Judgment affirmed.*

SULLIVAN, P. J., and LEVINE, J., concur.